Rhonda K. Wood, Justice, dissenting.
Because the majority misapplies the fit-parent presumption and departs from our standard of review, I dissent.
First, the majority errs in holding that the appellant was entitled to the fit-parent presumption under In re Guardianship of W.L. , 2015 Ark. 289, 467 S.W.3d 129 because that case involved a parent that consented to guardianship. In fact, the second sentence of Guardianship of W.L. defined the parameters of that case, "hold[ing] that a guardianship is no longer necessary when a fit parent who consented to a guardianship revokes consent." Id. at 1, 467 S.W.3d at 130 (emphasis added).
Notably, in the present case, the appellant did not consent to the initial guardianship-she contested it. Although, the precise word "unfit" may not have been used, the court found that she was unable to adequately care for her children at the time of the initial guardianship. The court stated, "it was a complete, a complete disregard for parental responsibility, the actions that you [appellant] took.... You chose a rapist over your child." As this appellant was not entitled to the fit-parent presumption, both prongs of the termination of guardianship statute became questions of fact for the circuit court to determine. See Ark. Code Ann. § 28-65-401(b)(3) (Supp. 2017).
The majority further errs in its lack of deference to the circuit court's factual findings. In termination of guardianship proceedings, we review matters of law de novo, but we will not reverse a finding of fact unless the court is clearly erroneous. Guardianship of W.L. , 2015 Ark. at 9, 467 S.W.3d at 134. We defer to the superior position of the circuit judge to determine the credibility of the witnesses. Id.
The majority finds the circuit court was clearly erroneous in its finding that the guardianship was no longer necessary or no longer in the best interest of the children because "it appears that the circuit court focused on the success of the children in the guardians' care." The circuit court and the record demonstrate that the concern was much more than this. The circuit court is in the best position to evaluate the witnesses. This particular circuit court presided over this guardianship for six years and multiple hearings. The circuit court specifically held, "So the question now is, is it in the best interest of the children to provide the children back over to you. And I can safely say without any hesitation the answer is a resounding no." Based on a review of the record, I cannot *21 say this was clearly erroneous. I would affirm.
Womack, J., joins in this dissent.